UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ESTER LELCHOOK,** *et al.*<br><br>　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**CENTRAL BANK OF THE ISLAMIC REPUBLIC OF IRAN,** *et al.*<br><br>　　　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)　Civil No. 10-1184 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This action arises out of a rocket attack by Hezbollah during a 34-day conflict along the border between Israel and Lebanon. Plaintiffs are the estate and family members of an American civilian allegedly killed in one of those attacks. Compl. ¶¶ 1-2. Defendants are the Islamic Republic of Iran ("Iran"), the Central Bank of Iran ("CBI"), Bank Saderat Iran ("BSI"), Bank Saderat, PLC ("BSPLC"), and associated John Does. The complaint states the following three categories of claims:

1. Foreign Sovereign Immunities Act's ("FSIA") state-sponsor of terrorism, 28 U.S.C. 1605A(c), claims against Iran, CBI, and BSI and affiliated John Does, Compl. ¶¶ 64–73 (Counts I & II);

2. Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), claims against BSPLC and all of the John Does, Compl. ¶¶ 74-92 (Counts III & IV);

3. Israeli Tort claims against all defendants, Compl. ¶¶ 93–112 (Counts V & VI).

The Complaint was filed in 2010, but was stayed pending resolution of the related case, *Kaplan v. Central Bank of the Islamic Republic of Iran*, 10-cv-483. *See* Minute Order, Nov. 29, 2010.

Three years later, both cases were transferred from Judge Roberts to the undersigned judge. *See* Docket Entry, June 17, 2013, ECF No. 10.

In a Memorandum Opinion issued this date in *Kaplan v. Central Bank*, 10-cv-483, *see* ECF Nos. 41 & 42, the Court dismissed several claims raised by a group of plaintiffs against the same defendants for rocket attacks part of the same conflict under the same legal frameworks relied on here. Rather than repeat the reasoning of the *Kaplan v. Central Bank* opinion here in full, the Court incorporates by reference all of that reasoning. Under that reasoning, the Court will dismiss all of plaintiffs' claims against defendants BSI and BSPLC and associated John Does. Plaintiffs' FSIA and Israeli Tort claims against Iran and CBI survive. Accordingly, it is hereby

**ORDERED** that the stay is lifted; and it is further

**ORDERED** that plaintiffs' FSIA claims against BSI and associated Does are dismissed for the reasons given in the *Kaplan v. Central Bank* opinion; and it is further

**ORDERED** that all of plaintiffs' ATA claims are dismissed for the reasons given in the *Kaplan v. Central Bank* opinion; and it is further

**ORDERED** that the Israeli Tort claims against BSI and BSPLC are dismissed for the reasons given in the *Kaplan v. Central Bank* opinion; and it is further

**ORDERED** that, given that the plaintiffs' sole remaining claims are against defendants the Islamic Republic of Iran and the Central Bank of Iran and associated Does, the plaintiffs shall, within 21 days of this Order commence service of process on these defendants via mail service pursuant to 28 U.S.C. § 1608(a)(3).

**SO ORDERED.**

Signed by Royce C. Lamberth, U.S. District Judge, on August 20, 2013.